UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AQUEELAH ALI, )<br>)<br>Plaintiff )<br>v. )<br>)<br>LOYOLA COMMUNITY LAW )<br>CENTER and THERESA CEKO, )<br>)<br>Defendants ) | Cause No. 3:21-CV-107 RLM-MGG |

OPINION AND ORDER

Aqueelah Ali filed a complaint against Loyola Community Law Center and Theresa Ceko and a motion to proceed in forma pauperis. Ms. Ali qualifies for a filing fee waiver, but her complaint doesn't state a claim upon which relief can be granted, so the court denies her motion to proceed in forma pauperis and dismisses the complaint.

A complaint that fails to state a claim for relief that is "plausible on its face must be dismissed. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(b)(6). The same standard applies to both 28 U.S.C. § 1915(e)(2)(B) (pro se complaints) and Fed. R. Civ. P. 12(b)(6). Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1027 (7th Cir. 2013). The court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in Ms. Ali's favor. See Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014). The court interprets Ms. Ali's complaint liberally because she's proceeding without the benefit of counsel, *see* Ray v. Clements, 700 F.3d 993, 1002 (7th Cir. 2012), but can't identify any plausible claim for relief that would lie within this court's jurisdiction.

It's unclear from Ms. Ali's what relief she's seeking from Loyola Community Law Center and Ms. Ceko. The documents attached to her complaint suggest that her claim arises out of a guardianship dispute that a state court in Illinois decided, which and resulted in the appointment of a successor guardian for Ms. Ali's nephew, and the contents of a report and recommendation that was filed in that case by the guardian ad litem, Ryan Scandaglia, a "law school graduate", and was co-signed by his supervising attorney at the Loyola Community Law Center, Theresa Ceko. Ms. Ali alleges that she is her nephew's "only guardian"; that there was "never…any kind of abuse"; that Ms. Ceko "never talked to her"; and that Ms. Ceko's report and recommendation to the Cook County probate court contained "false statements". But those allegations are inconsistent with the exhibits attached to Ms. Ali's complaint and don't establish a plausible claim for relief against the guardian ad litem, Ms. Ceko, or the Loyola Community Law Center. Even if they did, the court lacks jurisdiction over such matters.

Ms. Ali's complaint is effectively a domestic-relations lawsuit, and federal courts are discouraged from hearing cases – including both diversity and federal-question lawsuits – that would traditionally fall within the ambit of domestic-relations or family courts. Jones v. Brennan, 465 F.3d 304, 306 (7th Cir. 2006);

Marshall v. Marshall, 547 U.S. 293, 305-306 (2006); Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); Dawaji v. Askar, 618 Fed. Appx. 858, 860 (7th Cir. 2015) (no jurisdiction over child custody dispute); Friedlander v. Friedlander, 149 F.3d 739, 740 (7th Cir. 1998) (same). Without a plausible claim for relief and a viable basis for federal jurisdiction, Ms. Ali's complaint must be dismissed.

Accordingly, the motion for leave to proceed in forma pauperis [Doc. No. 2] is DENIED and Ms. Ali's complaint [Doc. No. 1] is DISMISSED.

SO ORDERED.

ENTERED:   February 17, 2021

/s/ Robert L. Miller, Jr.
Judge, United States District Court